# Third District Court of Appeal

## State of Florida

Opinion filed September 30, 2022.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D21-1045
Lower Tribunal No. 20-1043
_____

**T.T.W., a juvenile,**
Appellant,

vs.

**The State of Florida,**
Appellee.

An Appeal from the Circuit Court for Miami-Dade County, Yery Marrero, Judge.

Carlos J. Martinez, Public Defender, and Deborah Prager, Assistant Public Defender, for appellant.

Ashley Moody, Attorney General, and Asad Ali, Assistant Attorney General, for appellee.

Before EMAS, SCALES, and HENDON, JJ.

HENDON, J.

T.T.W. argues that the trial court violated his constitutional right to confrontation by permitting, over objection, a prosecution witness—a police officer—to testify at his juvenile delinquency hearing via Zoom without any case-specific finding of necessity. Based on this Court's recent decision in J.T.B. v. State, Nos. 3D21-577, 3D21-537, 3D21-2038, & 3D21-1549, 2022 WL 2334940 (Fla. 3d DCA June 29, 2022), addressing this issue under sufficiently similar circumstances[1], we agree. Therefore, we reverse and remand for a new adjudicatory hearing. J.T.B., 2022 WL 2334940 at *5 ("Accordingly, we conclude that, under these circumstances, the failure to render case-specific findings of necessity justifying conducting the juvenile adjudicatory hearings remotely resulted in a denial of due process."). On remand, as it appears that we are now in the later stages of the COVID-19 pandemic, the trial court may conduct the adjudicatory hearing via Zoom if it first holds a hearing on T.T.W.'s objection and "makes a case-specific finding

---

[1] This Court's decision in J.T.B. involved four separate cases. In three of the cases, the entire proceeding was conducted remotely. However, in one of the cases, D.S. v. State (Case No. 3D21-537), the prosecutor and lead witness were permitted to appear in court, but the juvenile and his sole witness, his mother, appeared via the Zoom platform on a shared cellphone. J.T.B., 2022 WL 2334940 at *5. In the instant case, defense counsel, the trial court, and one of the two State witnesses appeared in person for the trial, and the other prosecution witness—a police officer—testified via Zoom on his cellphone, and T.T.W. appeared remotely.

of necessity before limiting his confrontation rights." <u>M.D. v. State</u>, 47 Fla. L. Weekly D1409, *5 (Fla. 3d DCA June 29, 2022) (footnote omitted).

Reversed and remanded.